UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA M. VESNESKE-MARGAGE,

                      Plaintiff,        **1:16-cv-00500 (MAT)**

                                              **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                      Defendant.

---

## I. Introduction

Represented by counsel, Lisa M. Vesneske-Margage ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

## II. Procedural History

Plaintiff protectively filed an application for DIB on August 26, 2009, alleging disability due to right leg and back pain.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

Administrative Transcript ("T.") 27-45, 74. Plaintiff's application was denied, and she requested a hearing before an administrative law judge ("ALJ"), which occurred on August 11, 2011, before ALJ Roxanne Fuller. T. 46-74. On August 24, 2011, ALJ Fuller issued a decision in which she found plaintiff not disabled as defined in the Act. T. 11-21. The Appeals Council denied plaintiff's request for review on March 15, 2013. T. 1-3. Plaintiff commenced an action in this Court seeking review of ALJ Fuller's decision, which was resolved when the parties stipulated to remand the matter for further proceedings. T. 609-10.

On remand, the Appeals Council likewise remanded the case to an ALJ for a new hearing and decision. T. 611-16. A second hearing was held before ALJ Timothy M. McGuan on November 13, 2014. T. 565-608. ALJ McGuan issued a decision on February 23, 2015 in which he found plaintiff not disabled as defined in the Act. T. 539-64. The Appeals Council did not assume jurisdiction within 60 days, rendering ALJ McGuan's decision the final determination of the Commissioner. Plaintiff subsequently commenced this action.

The Court assumes the parties' familiarity with the extensive factual and procedural background of this case, which will not be repeated here. The Court also adopts and incorporates by reference the parties' detailed summaries of the relevant medical, vocational, and other evidence. The Court will discuss the record further below, as necessary to the resolution of the parties' contentions.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through September 30, 2009. T. 544. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity from October 1, 2003, the alleged onset date, through her date last insured of September 30, 2009. T. 545. At step two, the ALJ found that plaintiff had the severe impairments of lumbar degenerative disc disease/facet arthropathy with mechanical low back pain, complex regional pain syndrome ("CRPS")/regional sympathetic dystrophy ("RSD") of the right foot/ankle, and obesity. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 549-50. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: cannot climb ladders, ropes, or scaffolding and limited to occasional climbing of stairs, balancing, stooping, kneeling, crouching, and crawling. T. 550. At step four, the ALJ found that plaintiff was able to perform past relevant work as a telephone solicitor. T. 555. At step five, the ALJ made the alterative finding that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. T.

556.  Accordingly, the ALJ found that plaintiff was not disabled. T. 557.

**IV.  Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V.  Discussion**

Here, plaintiff argues in her motion for judgment on the pleadings that the ALJ's decision was not supported by substantial evidence because the ALJ did not properly apply the treating physician rule in denying her DIB claim.  For the reasons discussed below, the Court finds this argument without merit and affirms the ALJ decision.

### A. The ALJ Did Not Misapply the Treating Physician Rule

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but in such case the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). In this case, plaintiff alleges that the ALJ

5

failed to properly apply the treating physician rule to the opinions of pain management specialist Jerry J. Tracy III, M.D. ("Dr. Tracy").

### 1. The ALJ Properly Afforded No Weight to Dr. Tracy's Statements on the Ultimate Issue of Plaintiff's Ability to Work

Dr. Tracy treated plaintiff on April 11, 2007, and noted, among other things, that plaintiff had undergone lumbar sympathetic blocks which were effective in dealing with her foot and ankle pain and symptoms. T. 837-39. He noted that plaintiff appeared to be "healthy and well developed" with "no signs of acute distress," but she "walk[ed] with a slow gait." Dr. Tracy also stated that he did "not see [plaintiff] having any gainful employment in the future." T. 837. His observations about plaintiff's employment prospects are repeated, word for word, in his assessments of plaintiff on June 13, 2007, and October 24, 2007. T. 840-42, 846-48.

In his decision, the ALJ questioned whether "any gainful employment" referred "to work in general or to claimant's work as a nurse alone," but ultimately concluded that Dr. Tracy's assessment "was not clearly compatible with the findings here." In support of this finding, the ALJ referred to the more specific work-related limitations set forth in Dr. Tracy's June 30, 2009 assessment indicating that plaintiff should avoid 1) "prolonged standing, walking, bending, twisting, lifting, pulling, pushing," 2) "excessive going up and down stairs or on inclines," 3) crawling positions, and 4) lifting more than 5-10 pounds. T. 553.

6

Plaintiff contends that the ALJ's assessment of Dr. Tracy's statement regarding "any gainful employment" "as possibly only referring to [plaintiff's] work as a nurse is clearly not sustainable." Docket No. 12 at 7. However, the treating physician rule requires only deference to the clinical findings and opinions of Dr. Tracy, not his statements as to the ultimate conclusion about whether plaintiff was disabled or could be gainfully employed. A statement or opinion that a claimant is totally or partially "disabled" or is under a "disability", even from an acceptable medical source such as a treating physician, is not entitled to any particular weight. *See* SSR 96-5p: Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 362206, 61 FR 34471-011996 (S.S.A. July 2, 1996). Pursuant to 20 C.F.R. § 404.1527(e) and § 416.927(e), "some issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability[.]" SSR 96-5p, 61 FR at 34472. Among these issues are whether an individual's impairment(s) meets or is equivalent in severity to the requirements of any impairment(s) in the listings; whether an individual's RFC prevents him or her from doing past relevant work; and whether an individual is "disabled" under the Act. *Id.* "[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance[,]" *id.*, because to do

7

so would effectively "confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* Nevertheless, treating source opinions on dispositive issues "must never be ignored" but "must [be] evaluate[d]" along with "all the evidence in the case record to determine the extent to which the opinion is supported by the record." *Id.* Dr. Tracy's assertions that plaintiff was precluded from all gainful employment thus were not entitled to deference by the ALJ. *See, e.g.*, *Cooke v. Colvin*, No. 12-CV-1672 FB, 2013 WL 2444167, at *3 (E.D.N.Y. June 5, 2013) ("The ALJ properly noted that the treating physician rule does not require deference to Dr. Gordon's ultimate conclusion that Cooke is disabled because the ultimate finding of whether a claimant is disabled and cannot work is an issue reserved to the Commissioner." (internal quotation marks and citation omitted)). Moreover, the ALJ did not ignore Dr. Tracy's statements; rather, he evaluated them and correctly found them "incompatible" with Dr. Tracy's opinion on June 30, 2009, providing specific, work-related limitations for plaintiff. Plaintiff therefore has not shown that the ALJ erred in affording no weight to Dr. Tracy's statements on the ultimate issue of plaintiff's ability to work.

### 2. The ALJ's RFC Finding Adequately Incorporated the Restrictions Identified by Tracy

Dr. Tracy treated plaintiff on June 30, 2009, and noted that plaintiff had undergone facet injections in the past which helped with her chronic low back pain. He also continued to treat her right foot and ankle pain with lumbar sympathetic blocks. T. 426-28. As noted above, Dr. Tracy observed that plaintiff appeared "healthy and well developed" with "[n]o signs of acute distress present," but "walks with a slow gait." T. 426-27. Dr. Tracy also indicated that plaintiff's work restrictions were to avoid "prolonged standing, walking, bending, twisting, lifting, pulling, pushing or any excessive going up and down stairs or on inclines," and added that plaintiff would "not be able to have any crawling positions, [and] her weight lifting would be nothing greater than 5-10 pounds on occasion." T. 426.

In assessing plaintiff's RFC, the ALJ afforded partial weight to treating physician Dr. Tracy's opinion and found that plaintiff could "perform sedentary work as defined in 20 CFR 404.1567(a)," further restricted by 1) not climbing ladders, ropes, or scaffolding; 2) only "occasional climbing of stairs, balancing, stooping, kneeling, crouching, and crawling"; 3) lifting no more than 10 pounds; and 4) standing/walking for no more than 2 hours in an 8 hour day. T. 550.

The ALJ specifically noted that Dr. Tracy's restrictions on prolonged walking and standing were not incompatible with sedentary

9

work, but stated that Dr. Tracy's restrictions on "lifting, pushing/pulling, and some other activities are inconsistent" with the ALJ's RFC and "with the evidence as a whole." T. 553. The ALJ appeared to be confused and explained that these restrictions were not consistent with, among other things, the 2004 independent medical examination performed by Dr. Walter J. Levy, which concluded plaintiff should be limited to lifting no more than 10 pounds, and the 2004 medical examination performed by neurologist Dr. Gregory Castiglia providing a lifting restriction of 25 pounds. T. 554.

Plaintiff argues that Dr. Tracy's restrictions regarding lifting, pushing, and pulling should have been given controlling weight based upon "his long treatment of Plaintiff and her consistent complaints of pain and cramping." Docket No. 12 at 7. Plaintiff's argument is unpersuasive because, as set forth below, the ALJ's RFC finding adequately incorporated the restrictions identified by Dr. Tracy.

The ALJ found that plaintiff could "perform sedentary work as defined in 20 CFR 404.1567(a)" with the additional limitations set forth above. As defined in Section 404.1567(a), sedentary work:

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Thus, Dr. Tracy's opinion that plaintiff was limited to lifting 5 to 10 pounds on occasion is not inconsistent with sedentary work, as set forth above. Notwithstanding his statement to the contrary, the ALJ's RFC finding of sedentary work is consistent with the restrictions on exertion set forth by Dr. Tracy on June 30, 2009. The only prolonged activity involved in sedentary work is sitting, and Dr. Tracy did not restrict plaintiff's sitting. T. 426-28; *see Shane v. Chater*, No. 96-CV-66 (RSP/ DRH), 1997 WL 426203, at *14 n.8 (N.D.N.Y. July 16, 1997) (citing Social Security Ruling 83-12 explaining that sedentary work requires prolonged sitting). Moreover, sedentary work does not involve any prolonged walking, standing, or lifting of more than ten pounds, which is well within Dr. Tracy's work-specific limitations. *See Pastor v. Apfel*, No. 97 CIV. 8355(DLC), 1998 WL 788784, at *2 (S.D.N.Y. Nov. 10, 1998) ("The ALJ's finding that the Plaintiff could perform sedentary work took account of the treating physician's finding that [Plaintiff] had a marked disability for lifting and prolonged standing.").

Plaintiff also contends that the ALJ should have credited Dr. Tracy's opinion that plaintiff must avoid prolonged pushing or pulling. T. 254. While some pushing and pulling is involved in light work, *see* 20 C.F.R. § 404.1567(b), these activities are not required to perform sedentary work. *See* 20 C.F.R. § 404.1567(a). As Defendant argues, if pushing or pulling, much less prolonged pushing or pulling, were required for sedentary work, these

activities would have been mentioned in the definition of sedentary work.  Moreover, SSR 96-9p specifically notes that a limited or restricted ability to push or pull would have little effect on sedentary work.  *See* SSR 96-9p, 1996 WL 374185, at *6.  Therefore, Dr. Tracy's opinion that plaintiff must avoid prolonged pushing or pulling does not implicate the ALJ's sedentary RFC finding.

Finally, the Court recognizes that the ALJ erred to the extent that he stated Dr. Tracy's opinion was inconsistent with his RFC finding; the ALJ appears to have misapprehended the level of physical exertion required by sedentary work.  However, this error was harmless and does not require remand, because applying an appropriate definition of sedentary work would not change the outcome.  *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (concluding error harmless in context of denial of social security benefits if "application of the correct legal principles to the record could lead [only to the same] conclusion" (alteration in original)).

In sum, and for the reasons set forth above, plaintiff has not shown that the ALJ erred in affording only partial weight to Dr. Tracy's opinion on plaintiff's restrictions.  The Court therefore rejects plaintiff's argument that the ALJ violated the treating physician rule.

### B. Plaintiff Has Not Shown That the ALJ Failed to Follow the Remand Instructions Imposed by the Appeals Council

Defendant argues that, apart from reciting the contents of the Appeals Council's February 23, 2015 remand order, plaintiff has not identified how the ALJ failed to follow its directives. Defendant notes that the Appeals Council's order identified various medical reports predating plaintiff's date last insured (September 30, 2009), *see* T. 613-14. The Appeals Council indicated that this was new, material evidence that warranted further consideration by the ALJ. In particular, the Appeals Council identified additional reports from Dr. Tracy, reports of neurological examinations by Dr. Walter J. Levy from 2004, and reports by George C. Kalonaros, M.D., from 2005. *See* T. 613-14. The record clearly indicates that the ALJ did evaluate the new evidence in question. *See* T. 553-55 (ALJ's discussion of evidence identified by the Appeals Council).

The Appeals Council also instructed the ALJ to obtain vocational expert testimony if warranted, T. 615, and the ALJ complied, *see* T. 599-606. Vocational expert Carol McManus testified at the supplemental hearing, and the ALJ relied on her testimony to identify alternative work existing in the national economy that plaintiff could perform. *See* T. 525, 556. In short, plaintiff simply has not shown that the ALJ failed to abide by his regulatory duty to follow the Appeals Council's instructions.

**VI. Conclusion**

For the foregoing reasons, the Commissioner's decision is affirmed, plaintiff's motion for judgment on the pleadings (Doc. 12) is denied, and the Commissioner's motion (Doc. 15) is granted. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 18, 2017
         Rochester, New York.